GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DANIEL M. LINCHEY, ESQ. CA Bar #111739
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for E. Lynn Schoenmann, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

TERRY L. HOPKINS,

        Debtor.

Case No. 09-33485-DM

Chapter 7

**TRUSTEE'S MOTION TO ABANDON REAL PROPERTY**
**(4670 Heritage Oaks Lane, Fairfield, CA 94534)**

     E. Lynn Schoenmann, Trustee herein ("Trustee") hereby abandons any interest that the estate has in the real property commonly known as 4670 Heritage Oaks Lane, Fairfield, CA 94534 ("Real Property"). The Trustee is informed and believes that the Real Property is the Debtor's residence. The creditor secured against the Real Property has moved for relief from the automatic stay to foreclose on the Real Property. In that motion, the secured creditor includes a broker's price opinion of value of $795,000 for the Real Property. The approximate balance due on the secured debt against the Real Property is $1,429,000. Therefore, there is no equity in the property for the estate. The Trustee is informed and believes that the Debtor purchased the Real Property in or before the year 1999 and therefore there may be a low tax basis in the Real Property. As a result, any foreclosure of the Real Property while it is property of the bankruptcy estate may create adverse tax consequences for the estate.

-1-

123649.DOC

Section 554 of the Bankruptcy Code provides that a Trustee may abandon property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. Based on the foregoing, the Real Property is of no value or benefit, as the secured debt exceeds the value of the property. Moreover, the Real Property may be burdensome to the estate due to adverse tax consequences that could be created if a foreclose occurs. For the foregoing reasons, the Trustee intends to abandon the Real Property from the bankruptcy estate.

WHEREFORE, the Trustee requests an order approving the abandonment of the above real property, subject to the 21-day objection period contained in the accompanying Notice of Trustee's Abandonment of Real Property.

DATED: December 1, 2009  GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation

By: /s/ Daniel M. Linchey
Attorneys for E. Lynn Schoenmann, Trustee

## CERTIFICATE OF SERVICE BY FIRST CLASS MAIL

I, the undersigned, state that I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made; that I am over the age of eighteen years and not a party to the within action; that my business address is 44 Montgomery Street, Suite 2900, San Francisco, California 94104-4789; that on the date set out below, I served a copy of the following:

## TRUSTEE'S MOTION TO ABANDON REAL PROPERTY

on each party listed below by placing such a copy, enclosed in a sealed envelope with first class postage thereon affixed, in a United States Postal Service mailbox at San Francisco, California, addressed to each party listed below.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on December 1, 2009.

                                                /s/ LEN SHAFFER

Office of the U.S. Trustee
San Francisco Division
235 Pine Street, Suite 700
San Francisco, CA  94104-3401